(March 20, 1922.)

THE STATE OF IDAHO on the Relation of D. W. DAVIS, Individually and as Governor of the State of Idaho; ROY L. BLACK, Individually, and as Attorney General of the State of Idaho; ETHEL E. REDFIELD, Individually, and as State Superintendent of Public Instruction of the State of Idaho; D. W. DAVIS, ROY L. BLACK, ETHEL E. REDFIELD, JOEL JENIFER and ELIZABETH SHOTWELL, as Board of Teachers' Retirement Fund of the State of Idaho; and JOEL JENIFER and ELIZABETH SHOTWELL, Individually, Plaintiffs, v. CHARLES S. KINGSLEY, Clerk of Independent School District No. 1 of Boise City, State of Idaho, and LOTTIE M. GRAVELY, HELEN A. EAGLESON, B. W. OPPENHEIM, CRAIG H. COFFIN, O. O. HAGA and H. J. McGIRR, Constituting the Board of Trustees of Said School District, Defendants.

[205 Pac. 892.]

MANDAMUS—STATUTORY CONSTRUCTION—ACT CREATING TEACHERS' RETIREMENT FUND — METHOD OF ENFORCING COLLECTION FROM TEACHERS.

1. Ineligibility to receive an annuity from the teachers' retirement fund is the sole penalty provided by chapter 197 of the Session Laws of 1921 for failure to pay the annual amount prescribed by the statute, and the collection of such amount from the teachers cannot be enforced, under its provisions.

2. *Mandamus* will not lie to compel the clerks of the school districts to collect from the teachers the amount prescribed by said statute.

Original proceeding in *mandamus.* Demurrer to petition sustained, and action dismissed.

Roy L. Black, Attorney General, and Dean Driscoll, Assistant Attorney General, for Plaintiffs.

Henry Z. Johnson, for Defendants.

Counsel cite no authorities on points decided.

McCARTHY, J.—This is a *mandamus* proceeding. Chapter 197 of the Session Laws of 1921 provides for a teachers' retirement fund. The management of the fund is intrusted to a board of five members, to wit: "The Governor, who shall be president of said board, the Attorney General, State Superintendent of Public Instruction and two active teachers of Idaho appointed by the State Superintendent, said appointments to be confirmed by the other two members of the Board above provided." (Sec. 1.)

Sec. 3 provides: "It is hereby made the duty of each clerk of each school district in the State of Idaho to collect from the teacher or teachers of said district the second Tuesday in November in each and every year one-half of one per cent of the annual salary of said teacher or teachers according to the contract of said teacher or teachers with said district. This money collected by the clerk shall be forwarded to the County Superintendent of the county in which said district lies. The County Superintendent shall transmit said money collected to the Board of the Teachers' Retirement Fund to be placed in the State Treasury. There may be added to this fund all money and properties received by donations, gifts, legacies, bequests, devise, or otherwise, for or on account of the fund, and all interest on the investment."

Sec. 8 provides: "Any teacher who shall have taught for a period of twenty-five years, fifteen years of which time shall have been in the State of Idaho, and five of said fifteen years shall be for a consecutive period, unless said teacher becomes bodily disabled while in service, or one or more years of said five years is spent in a Normal or Teachers' College, *provided* such teacher shall have attained the age of fifty years in the case of females and fifty-five years in the case of males, may be retired at his or her request from teaching and shall thereafter receive an annuity out of said retirement fund of Seven Hundred Dollars ($700.00) per year, which annuity shall be paid in quarterly payments on January 1st, April 1st, July 1st and October 1st of each and every year."

Sec. 12 provides: "The word 'teacher' or 'teachers,' as used herein, shall include any male or female teacher, principal, supervisor, professor, supervising principal or superintendent who shall have taught or shall teach in the public schools of the State of Idaho, or any state educational institution owned and conducted by the State of Idaho, and any state, county or city superintendent of public instruction or corresponding officer for state educational work and any deputy or assistant superintendent of public instruction or corresponding officer of the State of Idaho, and has such other qualifications as is by this Act required for eligibility to participate in this fund; *provided*, such teacher or officer for educational work shall have paid his or her one-half of one per cent of their annual salary. If at any time a teacher fails to pay one-half of one per cent of such annual salary such teacher becomes ineligible to any portion of said fund until all back payments are met and said party is declared an eligible member of said Board; . . . . "

This action is brought by petitioners as members of the board of the teachers' retirement fund against defendants who are respectively the clerk of Independent School District No. 1 of Boise City, Idaho, and the members of its board of trustees. Petitioners allege that they have demanded of defendants that they collect from the teachers in said district the amounts called for by the statute, or deduct said amounts from their salaries, and that defendants have refused to comply with this demand. An alternative writ of mandate was issued out of this court and, on the return day, defendants filed a demurrer to the petition.

The first question raised by the demurrer is: Does the statute create a binding obligation to pay on the part of the teachers, which can be enforced by the defendants? Nowhere does it expressly provide that the teachers must pay. It does not provide any machinery or method to enforce the collection. Petitioners suggest that the respective school districts deduct the amount from the salary before paying it. This is the method expressly provided for in most of the teachers' pension statutes in this country. Ours does

not empower the school districts to make such deduction. Considering the statute as a whole, neither a binding obligation on the teachers to pay, nor power on the part of the clerk to enforce collection can be fairly implied. Sec. 12 provides that failure to make the required payments renders a teacher ineligible to participate in the fund until all back payments are met. This is the only method provided of requiring the teachers to pay. It is the only penalty provided in case they do not pay. We conclude that this method and penalty are exclusive. The statute does not empower the board or clerk to enforce collection. It simply makes contribution to the fund a condition precedent to the right to participate in it.

It is unnecessary to pass upon other questions raised by the demurrer. As the statute does not empower the defendants to enforce the collection, a writ of *mandamus* should not issue. Defendants' demurrer to the petition is sustained; the alternative writ is quashed and the action dismissed, with costs to defendants.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.